IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| SHELDON KELLY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.: 1:19-CV-49 |
| | : | |
| DOUGHERTY COUNTY SCHOOL SYSTEM, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

## ORDER

Before the Court is Defendant's Motion for Summary Judgment (Motion) (Doc. 11). Therein, Defendant moves for summary judgment as to the remaining counts of Plaintiff's Complaint on the basis that there exists no genuine issue of material fact and Defendant is entitled to judgment as a matter of law. For the reasons stated below, Defendant's Motion is **GRANTED**.

## FACTS

Plaintiff Sheldon Kelly, an African American male, initiated this action on March 29, 2019, against Defendant Dougherty County School System. (Doc. 1 ¶ 3). Plaintiff's Complaint contains five numbered counts, including: (1) sex discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e *et seq.*; (2) retaliation in violation of Title VII; (3) creating a hostile work environment in violation of Title VII; (4) violation of O.C.G.A. § 34-7-2; and (5) violation of the Georgia Whistleblower Act, O.C.G.A. § 45-1-4. (*Id.* ¶¶ 22–26). The Court previously dismissed Count III. (Doc. 4 at 7, 9).

In July 2016, Plaintiff was hired by Defendant as a School Nutrition District Manager. (Doc. 1 ¶ 6; Doc. 11-1 ¶ 1). On May 30, 2018, Plaintiff's immediate supervisor, Blaine Allen, directed Plaintiff and his co-worker Ronald Bell to notify him if they were interested in attending a leadership conference on June 14–15, 2018 in Dalton, Georgia. (Doc. 16 at 2; Doc. 17-3 at 28). Despite failing to notify Allen of his interest in attending the conference, Plaintiff attended the conference and submitted an "employee expense statement" to Allen on June 20, 2018. (Doc. 11-1 ¶ 5; Doc. 12-1 at 6–8). On June 8, 2018, Allen directed Plaintiff to review five school sites and submit a report to him by June 15, 2018, but Plaintiff failed to do so. (Doc. 11-1 ¶¶ 6, 7; Doc. 17-3 at 32). On June 13, 2018, Allen directed Plaintiff to deliver all production records for his cluster of schools to Ms. Thomas[1] by June 15, 2018, but Plaintiff also failed to do this. (Doc. 12-1 at 3; Doc. 16 at 1). On June 21, 2018, Allen directed Plaintiff to provide a written explanation by noon for his failure to complete the site reviews and production records, but Plaintiff again failed to comply. (Doc. 11-1 ¶¶ 10, 11; Doc. 16 at 2, 3;). Allen also requested a meeting with Plaintiff by the end of the day, but Plaintiff did not meet with Allen as requested. (Doc. 12-1 at 11; Doc. 16 at 3, 4). On June 25, 2018, Allen instructed Plaintiff to report to a meeting in the human resources office the next day, but Plaintiff failed to attend that meeting as well. (Doc. 16 at 4; Doc. 17-3 at 46). Thereafter, Plaintiff continued to make no effort to meet with Allen. (Doc. 12 at 4; Doc. 17-3 at 49).

On July 2, 2018, Superintendent Kenneth Dyer suspended Plaintiff without pay for five days for insubordination and failure to obtain Allen's approval for professional leave. (Doc. 13-1 at 1). Dyer's suspension letter to Plaintiff warned him that any further incidents could result in his termination. (*Id.*). After Plaintiff returned to work following the suspension, Allen directed Plaintiff to attend a meeting with himself and Assistant Human Resources Director Kelli Hand on July 26, 2018. (Doc. 12 ¶ 18). Plaintiff showed up for the meeting at the appointed time but refused to stay to meet with Allen and Hand. (*Id.*; Doc. 16 at 4). Human Resources Director Jill Addison notified Plaintiff in writing not to

---

[1]   "Ms. Thomas" is not identified in the record.

return to work until he met with Dyer on August 1, 2018. (Doc. 13-1 at 2). That same day, Plaintiff filed a complaint with the Equal Employment Opportunity Commission (EEOC) claiming his five-day suspension was discriminatory. (Doc. 1 ¶ 12; Doc. 1-1). Prior to the August 1, 2018 meeting, Addison contacted Plaintiff and cancelled the meeting. (Doc. 15 at 4). Dyer informed Plaintiff that he would be on administrative leave with pay while Dyer considered whether to terminate Plaintiff. (Doc. 11 ¶ 26; Doc. 13 ¶ 9). On February 11, 2019, Dyer recommended to the Dougherty County Board of Education that Plaintiff be terminated, and the Board voted to uphold his recommendation. (Doc. 13 ¶ 10; Doc. 13-1 at 3). On February 13, 2019, Dyer notified Plaintiff by letter that his employment with the Dougherty County School System was terminated. (Doc. 2-1 at 1).

## LEGAL STANDARD

Federal Rule of Civil Procedure 56 allows a party to move for summary judgment when the party contends that no genuine issue of material fact remains, and the party is entitled to judgment as a matter of law. "Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Maddox v. Stephens*, 727 F.3d 1109, 1118 (11th Cir. 2013). "A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor." *Grimes v. Miami Dade Cnty.*, 552 F. App'x 902, 904 (11th Cir. 2014) (per curiam) (citing *Chapman v. AI Transp.*, 229 F.3d 1012, 1023 (11th Cir. 2000) (en banc)).

"An issue of fact is 'material' if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case." *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "It is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Tipton v. Bergrohr GMBH-Siegen*, 965 F.2d 994, 998 (11th Cir. 1992) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). On a motion for summary judgment, the Court must view all evidence and factual inferences drawn therefrom in the light most favorable to the nonmoving party and

3

determine whether that evidence could reasonably sustain a jury verdict in its favor. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Allen*, 121 F.3d at 646. The Court shall, however, "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

The movant bears the initial burden of showing, by reference to the record, that there is no genuine issue of material fact. *See Celotex*, 477 U.S. at 323; *Barreto v. Davie Marketplace, LLC*, 331 F. App'x 672, 673 (11th Cir. 2009) (per curiam). The movant can meet this burden by presenting evidence showing that there is no genuine dispute of material fact or by demonstrating that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *See Celotex*, 477 U.S. at 322–24; *Barreto*, 331 F. App'x at 673; *see also Jones v. UPS Ground Freight*, 683 F.3d 1283, 1294 (11th Cir. 2012) (noting that hearsay may be considered on a motion for summary judgment only if it "could be reduced to admissible evidence at trial or reduced to admissible form") (quoting *Macuba v. Deboer*, 193 F.3d 1316, 1322 (11th Cir. 1999)). "When that burden has been met, the burden shifts to the nonmovant . . . to go beyond the pleadings and to present competent evidence in the form of affidavits, answers to interrogatories, depositions, admissions and the like, designating specific facts showing a genuine issue for trial." *Lamar v. Wells Fargo Bank*, 597 F. App'x 555, 556–57 (11th Cir. 2014) (per curiam) (citations omitted). "All material facts contained in the movant's statement which are not specifically controverted by specific citation to particular parts of materials in the record shall be deemed to have been admitted, unless otherwise inappropriate." M.D. Ga. L.R. 56; *see also Mason v. George*, 24 F. Supp. 3d 1254, 1260 (M.D. Ga. 2014). Plaintiff did not respond to the Motion, and thus did not specifically controvert any material facts set forth in Defendant's Statement of Material Facts. (Doc. 11-1). Accordingly, the facts set forth in Defendant's Statement of Material Facts are deemed admitted where appropriate.

Although Plaintiff did not respond to Defendant's Motion, "the [C]ourt will not grant [Defendant's] motion simply by default." *Reese v. United States*, 2:18-CV-01059-

4

KOB, 2020 WL 6063747, at *1 (N.D. Ala. Oct. 14, 2020). "[T]he district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion." *United States v. 5800 SW 74th Avenue*, 363 F.3d 1099, 1101 (11th Cir. 2004). "Instead, the court may grant an unopposed motion for summary judgment if its entry of summary judgment would be *otherwise appropriate* under Rule 56, Fed. R. Civ. P." *Reese*, 2020 WL 6063747, at *1. The Court does not need to "sua sponte review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the motion itself is supported by evidentiary materials" and, at the very least, "must review all of the evidentiary materials submitted in support of the motion for summary judgment." *5800 SW 74th Avenue*, 363 F.3d at 1101–02. Therefore, the Court will review the evidence in the record and consider the merits of Defendant's Motion. *Id.* at 1102.

## DISCUSSION

### I.     Title VII Claims

Because Plaintiff alleges unlawful discrimination based on circumstantial evidence, his claims are analyzed under the *McDonnell Douglas* burden-shifting framework. *Standard v. A.B.E.L. Servs., Inc.*, 161 F.3d 1318, 1331 (11th Cir. 1998) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 793 (1973). Under the *McDonnell Douglas* framework, a plaintiff must first establish a *prima facie* case of discrimination. *Alvarez v. Royal Atl. Devs., Inc.*, 610 F.3d 1253, 1264 (11th Cir. 2010). "Once the plaintiff has made a *prima facie* case, a rebuttable presumption arises that the employer has acted illegally," which the employer may rebut "by articulating one or more legitimate non-discriminatory reasons for its action." *Id.* (citation omitted). If the employer successfully rebuts the presumption, "the burden then shifts back to the plaintiff to produce evidence that the employer's proffered reasons are a pretext for discrimination." *Id.* (citation omitted). "At all times, the plaintiff retains 'the ultimate burden of persuading the court that [he] has been the victim of intentional discrimination.'" *Flowers v. Troup Cnty. Sch. Dist.*, 803 F.3d 1327, 1336 (11th Cir. 2015) (quoting *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 256 (1981)). "Showing only that the employer's proffered reason is false does not

necessarily entitle a plaintiff to get past summary judgment." *Alvarez*, 610 F.3d at 1264.

### A. Sex Discrimination Claim

In Count I of his Complaint, Plaintiff alleges Defendant discriminated against him because of his sex, in violation of Title VII. (Doc. 1 ¶ 22). To make out a *prima facie* case of discrimination, Plaintiff must show: "(1) that [he] belongs to a protected class, (2) that [he] was subjected to an adverse employment action, (3) that [he] was qualified to perform the job in question, and (4) that [his] employer treated 'similarly situated' employees outside [his] class more favorably." *Lewis v. City of Union City*, 918 F.3d 1213, 1220–21 (11th Cir. 2019) (en banc). Defendant concedes that "[Plaintiff] meets the first three elements of the *prima facie* standard." (Doc. 11-2 at 7). Defendant argues, however, that Plaintiff has not established that he was treated differently than other similarly situated employees outside his protected class. (*Id.* at 7–8).

Plaintiff has not identified, and the Court has not seen in its review of the record before it, any evidence Defendant treated similarly situated employees outside of his class more favorably. Plaintiff, therefore, has failed to establish that similarly situated persons outside of Plaintiff's class were treated differently. As such, Plaintiff has failed to make out a *prima facie* case of discrimination.

### B. Retaliation Claim

In Count II of his Complaint, Plaintiff alleges Defendant unlawfully terminated him in retaliation for complaining to the EEOC about the five-day suspension, in violation of Title VII. (Doc. 1 ¶ 23). To establish a *prima facie* case of retaliation, Plaintiff must show that (1) he engaged in statutorily protected expressions, (2) he suffered an adverse employment action, and (3) the adverse action was causally related to the protected expression. *Evans v. Books-A-Million*, 762 F.3d 1288, 1298 (11th Cir. 2014). Retaliation claims require proof that the desire to retaliate was the but-for cause of the challenged employment action. *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 352 (2013).

The Court previously determined that Plaintiff engaged in protected activity when he filed the charge of discrimination with the EEOC on July 26, 2018 (Doc. 4 at 6), and Defendant concedes that Plaintiff suffered adverse employment action(s) when he was

6

placed on administrative leave and later terminated. (Doc. 11-2 at 14). Further, Defendant acknowledges that "Dyer does not recall if he was aware of the EEOC filing before he directed Addison to write the letter notifying Kelly not to return until the August 1 meeting." (Doc. 11-2 at 14). Dyer states, however, that the "reason I notified Kelly not to return until we meet on August 1 was his insubordinate refusal to attend [the July 26, 2018 meeting], not his filing with the EEOC." (Doc. 13 ¶ 8).

As explained by the Eleventh Circuit, courts "resolve factual controversies in favor of the nonmoving party, but *only* when there is an actual controversy, that is, when *both* parties have submitted *evidence* of contradictory facts. *We do not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts.*" *Legg v. Wyeth*, 428 F.3d 1317, 1323 (11th Cir. 2005) (quoting *Badon v. RJR Nabisco, Inc.* 224 F.3d 382, 393–94 (5th Cir. 2000)). "When the Defendants' affidavits are undisputed by the Plaintiffs, the court cannot then resolve the facts in the Plaintiffs' favor based solely on the unsupported allegations in the Plaintiffs' complaint." *Id.* Thus, while Plaintiff has alleged retaliation, the only evidence in the record is that Plaintiff was suspended for five days for insubordination and failure to obtain Allen's approval for professional leave. (Doc. 13-1). The only evidence in the record about Plaintiff's ultimate termination is that Plaintiff was fired for his "insubordinate refusal to attend [the July 26, 2018] meeting, not his filing with the EEOC." (Doc. 2-1 at 1; Doc. 13 ¶¶ 8-10). Therefore, Plaintiff has failed to establish a *prima facie* case of retaliation.

## II.     State Law Claims

Plaintiff's remaining claims are for violations of Georgia law. Federal district courts have supplemental jurisdiction to entertain state law claims so related to claims within the Court's original jurisdiction as to form part of the same case or controversy. 28 U.S.C. § 1367(a). Once a plaintiff's federal claims are dismissed, however, "there remains no independent original federal jurisdiction to support the Court's exercise of supplemental jurisdiction over the state claims against Defendant[s]." *Baggett v. First Nat'l Bank of Gainesville*, 117 F.3d 1342, 1352 (11th Cir. 1997). A court may decline to exercise supplemental jurisdiction over claims after it has dismissed all claims over which it has

original jurisdiction. 28 U.S.C. § 1367(c)(3). While the "decision to exercise supplemental jurisdiction over pendant state claims rests within the discretion of the district court," the Eleventh Circuit has "encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial." *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1088–89 (11th Cir. 2004) (per curiam) (citation omitted). In addition, a plaintiff has "at least 30 days to re-file in state court after a federal court declines to exercise supplemental jurisdiction," thereby removing "the principal reason for retaining a case in federal court when the federal claim belatedly disappears." *Personalized Media Commc'ns, LLC v. Sci.–Atlanta, Inc.*, 493 F. App'x 78, 82 n.1 (11th Cir. 2012) (citations omitted); *see also* 28 U.S.C. § 1367(d) (providing that state law claims brought in federal court with "related" federal claims "shall be tolled while the claim is pending and for a period of 30 days after it is dismissed"). Because Plaintiff's federal claims have been dismissed, the Court declines to exercise supplemental jurisdiction over the remaining state law claims.

## CONCLUSION

For the reasons stated above, Defendant's Motion (Doc. 11) is **GRANTED**. It is hereby **ORDERED** and **ADJUDGED** that Plaintiff Kelly shall take nothing and **JUDGMENT** shall be entered in favor of Defendant.

**SO ORDERED**, this 30th day of September, 2021.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, JUDGE**
**UNITED STATES DISTRICT COURT**